1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9         SOUTHERN DISTRICT OF CALIFORNIA
10

11   ROBERT BLACKSHIRE, JR.,               Case No.:  21-cv-01505-JLS-WVG
12                              Plaintiff,
                                           **ORDER DENYING MOTIONS FOR**
13   v.                                     **LEAVE TO PROCEED *IN FORMA***
                                            ***PAUPERIS* AND FOR**
14   BUCA RESTAURANTS 2, INC., et al.,       **APPOINTMENT OF COUNSEL**
15                            Defendants.
                                           **[ECF Nos. 2; 3]**
16

17          Presently before the Court are pro se Plaintiff Robert Blackshire, Jr.'s motions for
18   leave to proceed *in forma pauperis* (ECF Nos. 2; 2-1) and for appointment of counsel
19   pursuant to 42 U.S.C. § 2000e-5(f)(1) (ECF No. 3).  The Court construes Plaintiff's pro se
20   Complaint to assert, *inter alia*,[1] workplace discrimination claims pursuant to Title VII of
21   the Civil Rights Act of 1964 against his employer, Defendant Buca Restaurants 2, Inc.
22   (*See, e.g.*, ECF No. 1 at 10.)  For the reasons set forth below, the Court **DENIES** Plaintiff's
23   motions without prejudice.

24
25   ─────────────────
26   [1]     Plaintiff also appears to assert claims against Ana Sepulveda for issuing a
     "fraudulent" right to sue letter on behalf of the Equal Employment Opportunity
27   Commission (*see, e.g.*, ECF No. 1 at 6) and against the law firm Shegerian & Associates
28   for leaving Plaintiff "without representation" (*see, e.g.*, *id.* at 25).

**MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

## I.   Legal Standard

All parties instituting a civil action, suit, or proceeding in a district court of the United States, other than a petition for writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1914(a).  An action may proceed despite a party's failure to pay the filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a)(1).  Section 1915(a)(1) provides that:

> any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).  As § 1915(a)(1) does not itself define what constitutes insufficient assets to warrant IFP status, the determination of indigency falls within the district court's discretion.  *See Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency."), *reversed on other grounds by* 506 U.S. 194 (1993).  "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."  *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).  "One need not be absolutely destitute to obtain benefits of the [IFP] statute."  *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960).  "Nevertheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness[,] and certainty.'"  *Escobedo*, 787 F.3d at 1234.

## II.   Discussion

Plaintiff has not paid the $402 filing fee required to maintain a civil action in this District and instead moves to proceed IFP.  Plaintiff submits two form affidavits of assets for the Court's consideration.  (ECF Nos. 2; 2-1.)

///

In his Application to Proceed in District Court Without Prepaying Fees or Costs ("First Form Affidavit") (ECF No. 2), Plaintiff attests to the following: He is unemployed and has $3,000 in cash. (*Id.* ¶¶ 2–3.) His monthly expenses average $3,021 for: mortgage ($1,551); utilities ($250); home maintenance ($100); food ($250); laundry and dry-cleaning ($50); transportation ($240); and homeowner's insurance ($580). (*Id.* ¶ 8.) He does not expect any changes to his monthly income or expenses in the next twelve months, and he estimates that he has spent or will be spending $3,000 for expenses or attorneys' fees[2] in conjunction with this case. (*Id.* ¶¶ 9–10.)

Plaintiff, however, failed to answer or provide a meaningful response to many questions in the First Form Affidavit. Of note, when directed to attest to his total monthly income, Plaintiff answered "N/A." (*Id.* ¶ 1.) Additionally, when directed to list all his assets—such as a home, other real estate, or motor vehicles—and their values, Plaintiff answered "N/A." (*Id.* ¶ 5.)

In his Motion and Declaration Under Penalty of Perjury In Support of Motion to Proceed *In Forma Pauperis* ("Second Form Affidavit") (ECF No. 2-1), Plaintiff attests to the following: He is currently unemployed, but in the past twelve months he has received money from "other sources." (*Id.* ¶¶ 2; 3.) He does not have a checking, savings, IRA, money market, or CDS account. (*Id.* ¶ 5.) He owns a 2017 Kia Sportage that is not financed, but nevertheless, he owes $9,000 on it. (*Id.* ¶ 6.)

Again, however, Plaintiff failed to answer many questions in the Second Form Affidavit. Despite attesting that he receives money from "other sources," Plaintiff failed to describe the source(s) of this money, the amount received, and how much he expects to continue to receive each month. (*Id.* ¶ 3.) When asked if he owns "any real estate, stocks, bonds, securities, other financial instruments, or other valuable property," Plaintiff

---

[2] Although Plaintiff attests that he has, or will, spend $3,000 on expenses or attorneys' fees in conjunction with this case, Plaintiff is proceeding pro se, and as addressed *infra*, has requested appointment of pro bono counsel.

answered "Yes," but failed to describe the property or state its value.  (*Id.* ¶ 7.)  Plaintiff also left blank questions concerning his last employer (*id.* ¶ 2.b.), debts or current obligations (*id.* ¶ 9), assets or items of value (*id.* ¶ 10), and how he pays for his day-to-day expenses (*id.* ¶ 11).

Along with the First and Second Form Affidavits, Plaintiff also submits a form "Request for Appointment of Counsel Under the Civil Rights Act of 1964, 42 U.S.C. [§] 2000e[-](f)(1)" ("Request for Counsel") (ECF No. 3).  Although not provided for purposes of proceeding IFP, Plaintiff attests to the following in the Request for Counsel: He is unemployed, and in the past twelve months he has not received "any income from a business, profession or other form of self-employment, or in the form of rent payments, interest, dividends, retirement of annuity payments or other sources."  (*Id.* ¶¶ 8.A., 8.B.i.) He has $2,300 in a savings or checking account.  (*Id.* ¶ 8.B.ii.)  He owns "real estate, stocks, bonds, notes, automobiles, or other valuable property."  (*Id.* ¶ 8.B.iii.)  He is single and has no dependents.  (*Id.* ¶ 8.C.i.)  He owns a home with a $151,000 mortgage and pays $1,551 per month in mortgage payments.  (*Id.* ¶ 8.C.ii.)  Including his mortgage payments, his monthly expenses total $4,023 for: thirteen credit cards ($950); water and electricity ($600); food ($450); a BMW ($186); and a Kia Sportage ($286).  (*Id.*)

In light of the foregoing, the Court finds that Plaintiff does not allege poverty with particularity, definiteness, or certainty, and, therefore, is not entitled to proceed IFP.  For one, Plaintiff's First and Second Form Affidavits and Request for Counsel are incomplete; Plaintiff either answered many questions in all three filings with "N/A" or did not respond at all.  Plaintiff's incomplete affidavits and unknown financial status alone warrant denial of his request to proceed IFP, for § 1915(a)(1) requires that Plaintiff attest to "***all assets*** [he] possess."  28 U.S.C. § 1915(a)(1) (emphasis added).

Moreover, the Court is dubious as to the accuracy of the financial information Plaintiff does attest too.  For example, in the First Form Affidavit, Plaintiff attests that he has only $3,000 in cash, no savings account, and no income, but his monthly expenses average $3,021, including $250 for utilities and $250 for food.  (ECF No. 2 ¶¶ 4, 8.)  In

21-cv-01505-JLS-WVG

contrast, in the Request for Counsel—which is dated only three days after the First Form Affidavit—Plaintiff attests that he has no income, $2,300 in cash or in a savings/checking account, and spends $4,023 monthly, including $600 for utilities and $450 for food.  (ECF No. 3 ¶ 8.C.ii.)  Plaintiff does not account for these discrepancies in his day-to-day expenses, nor does he explain how he is able to afford $3,000–$4,000 in monthly expenses when he has no income, no savings account, and minimal cash savings.  Further, Plaintiff's Second Form Affidavit contradicts the First Form Affidavit and the Request for Counsel, for Plaintiff attests in the Second Form Affidavit that in the past twelve months he has received money from "other sources."  (ECF No. 2-1 ¶ 2.)  Plaintiff, however, neither describes what "other sources" he receives money from, nor discloses the amount of money he receives.

Additionally, the First and Second Form Affidavits and Request for Counsel are inconsistent as to the assets Plaintiff owns.  For example, in the First Form Affidavit, Plaintiff answered "N/A" when directed to list his assets and their values, seemingly attesting that he does not own any assets, including real estate or motor vehicles.  (ECF No. 2 ¶ 5.)  However, in the Second Form Affidavit, Plaintiff attests that he owns a 2007 Kia Sportage and at least one of the following types of assets: "real estate, stocks, bonds, securities, other financial instruments, or other valuable property."  (ECF No. 2-1 ¶ 7.) And in the Request for Counsel, Plaintiff attests that he owns a home and two motor vehicles—a Kia Sportage and a BMW.  (ECF No. 3 ¶ 8.C.ii.)  From Plaintiff's inconsistent and incomplete attestations, the Court cannot glean whether Plaintiff is able to pay the filing fee and "still afford the necessities of life."  *Escobedo*, 787 F.3d at 1234.

## III.   Conclusion

After reviewing the First and Second Form Affidavits and financial information provided in the Request for Counsel, it is apparent to the Court that Plaintiff has not been completely candid as to his financial status.  Plaintiff's inconsistent and incomplete attestations do not demonstrate with "particularity, definiteness, or certainty" that Plaintiff lacks the financial resources to pay the $402 filing fee.  Accordingly, Plaintiff's request to

proceed IFP is **DENIED**.  This denial, however, is without prejudice to Plaintiff refiling an IFP motion that accounts for all the above-noted discrepancies and demonstrates that Plaintiff is not abusing the IFP process, which could result in the dismissal of this action or other sanctions.[3]  *See Newsome v. Loterzstain*,  No. 2:19-cv-0307-JAM-EFB P, 2020 WL 4501813, at *3 (E.D. Cal. Aug. 5, 2020) ("[C]ourts routinely dismiss with prejudice cases upon finding that the plaintiff has intentionally withheld information that may have disqualified plaintiff from obtaining IFP status or has otherwise manipulated his finances to make it appear that a plaintiff is poorer than he actually is[.]"); *Tuck v. Capitol One Bank*, Case No.: 3:17-cv-01555-BEN-AGS, 2017 WL 6547739, at *3 (S.D. Cal. Dec. 20, 2017) ("[E]ven if Plaintiff's Amended IFP Application, viewed in isolation, might otherwise justify allowing him to proceed IFP, IFP 'status is a privilege with may be denied when abused.'" (quoting *Toodle v. Jones*, 02:09-CV-0944, 2009 WL 2230704, at *1 (W.D. Pa. July 23, 2009))).  The Court reminds Plaintiff that he signed the First and Second Form Affidavits and Request for Counsel under penalty of perjury that they are true and correct (ECF Nos. 2 at 1; 2-1 at 3; 3 at 7) and will likewise sign any renewed IFP motion under penalty of perjury.  *See Tuck*, 2017 WL 6547739, at *3 ("Plaintiff is further reminded that an IFP application is made under penalty of perjury, and any false statements may result in a dismissal of claims . . . .").

### REQUEST FOR APPOINTMENT OF COUNSEL PURSUANT TO 42 U.S.C. § 2000e-5(f)(1)

## I.    Legal Standard

"[T]here is no constitutional right to counsel in a civil case."  *Adir Int'l, LLC v. Starr Indem. & Liab. Co.*, 994 F.3d 1032, 1038–39 (9th Cir. 2021).  Although Congress has specifically authorized district courts to appoint counsel for plaintiffs who, as Plaintiff

---

[3]    Not only did Plaintiff sign the Second Form Affidavit "under penalty of perjury," but with an "understand[ing]" that a false statement . . . may result in the dismissal of [his] claims."  (ECF No. 2-1 at 3.)

seemingly is here, proceed under Title VII, *see* 42 U.S.C. § 2000e-5(f)(1),[4] the court's "discretion under § 2000e-5(f)(1) in determining whether counsel should be appointed is broad." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "Three factors are relevant to the [district] court's determination whether to appoint counsel [under § 2000e-5(f)(1)]: (1) the plaintiff's financial resources; (2) the efforts made by the plaintiff to secure counsel on his own; and (3) the meritoriousness of plaintiff's claim." *Id.*

## II.   Discussion

After considering the three factors identified in *Ivey*, the Complaint, and the filings before the Court, the Court finds that appointment of counsel is not warranted pursuant to § 2000e-5(f)(1) at this time.  First, Plaintiff has not demonstrated that he is financially unable to retain an attorney.  As discussed above, Plaintiff's Request for Counsel and affidavits made in support of his request to proceed IFP provide an incomplete depiction of his financial status.  Although leave to proceed IFP "requires a greater showing of indigency than is required for appointment of counsel," *Ivey*, 673 F.2d at 269, Plaintiff has not demonstrated with any certainty that he is unable to afford counsel.  Notably, Plaintiff attests in the Second Form Affidavit that he has received money from "other sources" in the past twelve months but does not disclose the amount of money he has received, whether he will continue to receive it, or its source.  (ECF No. 2-1 ¶ 3.)  Plaintiff also attests to owning a home and two vehicles and has a monthly expense budget of $3,000–$4,000. (*See* ECF No. 3. ¶ 8.C.ii.)

Second, Plaintiff attests that he has contacted only a single law firm—Shegerian & Associates—about representing him in this action, once on August 23, 2018, and again, exactly three years later, on August 23, 2021.  (*Id.* ¶ 4.)  Although Plaintiff has expended

---

[4]    42 U.S.C. § 2000e-5(f)(1) states in pertinent part that: "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

some effort to retain counsel, he has not diligently endeavored to do so. *Cf. Ivey*, 673 F.2d at 269 ("The record also reveals that plaintiff contacted ten attorneys who refused to handle the case, thus demonstrating that he was unable to secure counsel for appointment."). Moreover, in the Complaint, Plaintiff seems to allege that, at one point in time, Shegerian & Associates agreed to represent him. (*See, e.g.*, ECF No. 1 at 24–25 ("Shegerian & Associates [r]etainer agreement via email. Plaintiff signed it returned via email. . . . Plaintiff Robert Blackshire Jr[.] was harmed by [c]o-conspirator defendant Shegerian & Associates . . . left Plaintiff without representation abandonment.").

And finally, Plaintiff has not demonstrated that the claims in his Complaint have merit. In his Request for Counsel, Plaintiff provides only a single conclusory statement that he has "a good case," but does not otherwise address the merits of his claims. (*Id.* ¶ 1.A.) Additionally, after its own review of the Complaint, the Court is not that Plaintiff's claims have sufficient merit to warrant appointment of counsel, especially when Plaintiff has neither demonstrated that he is unable to afford counsel nor that he has made a reasonable effort to retain counsel.

## III. Conclusion

Plaintiff fails to demonstrate that he is unable to afford counsel, that he has diligently endeavored to obtain counsel, or that his claims have sufficient merit to warrant appointment of counsel. Accordingly, the Court **DENIES** Plaintiff's request for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1) without prejudice.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's request for leave to proceed IFP (ECF Nos. 2; 2-1) and request for appointment of counsel pursuant to 42 U.S.C. § 2000e-5(f)(1) (ECF No. 3) without prejudice. No later than <u>twenty-one days from the date of this Order</u>, Plaintiff shall either: (1) pay the $402 filing fee required to maintain an action is this District; or (2) file a renewed motion to proceed IFP that accounts for the discrepancies identified by the Court and demonstrates that Plaintiff is not abusing the IFP ///

21-cv-01505-JLS-WVG

process.[5]  ***Plaintiff is hereby on notice that if he fails to pay the $402 filing fee or file a renewed IFP motion <u>within twenty-one days from the date of this Order</u>, the Court will dismiss this action without prejudice.***

  **IT IS SO ORDERED.**

Dated:  January 3, 2022

            *Janis L. Sammartino*
            Hon. Janis L. Sammartino
            United States District Judge

---

[5] The Court reminds Plaintiff that, should he refile an IFP motion that sufficiently assures the Court that he is entitled to IFP status and is not abusing the IFP process, his Complaint will undergo mandatory pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Under § 1915(e)(2)(B), the Court must *sua sponte* dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune.